Erwin W. and Verna C. Davis v. Commissioner.
Davis v. Commissioner
Docket No. 76255.
United States Tax Court
T.C. Memo 1960-184; 1960 Tax Ct. Memo LEXIS 106; 19 T.C.M. (CCH) 971; T.C.M. (RIA) 60184; September 8, 1960
C. E. Eckerman, Esq., Equitable Building, Denver, Colo., for the petitioners. Emory L. Langdon, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $2,626.08 in the income tax of the petitioners for 1956. The only issue is whether the Commissioner erred in denying a deduction of $34,800 claimed as a business *107 bad debt. Findings of Fact The petitioners, husband and wife, filed their joint return for 1956 with the director of internal revenue at Wichita, Kansas. The Erwin Davis Sales Corporation was organized in 1953. Verna owned all of its capital stock for which $50,000 was paid in cash. The corporation was forced into bankruptcy in September 1956, at which time it owed, inter alia, $10,000 to Verna, $9,000 to Erwin, $5,500 which had been transferred to it by "Midwestern Industry" owned or controlled or both by Erwin's brother and for the repayment of which Erwin told his brother he would be responsible and $10,000 which came to it from Verna's father and for the repayment of which the petitioners told Verna's father they would be responsible. The corporation never made repayment of any of those amounts. Among the itemized deductions taken by the petitioners on their joint return for 1956 was one of $34,800 which was explained on an attached schedule as notes given by Erwin Davis Sales Corporation which was forced into bankruptcy in September 1956. The notes were listed as follows: Date of Note
Amount
2/ 3/54
$ 1,000.00
2/15/55
6,300.00
11/ 2/55
3,000.00
11/30/55
4,500.00
1/27/56
10,000.00
3/30/56
1,000.00
5/11/56
9,000.00
Total
$34,800.00
*108 The record does not show that either petitioner ever repaid any of the $5,500 to Erwin's brother or to "Midwestern Industries" or any of the $10,000 to Verna's father. [1]
The record does not show that Verna ever engaged in any business or that any of the above amounts was advanced to the corporation by the petitioners as an incident of any business regularly carried on by either or both of them during the taxable year or prior thereto. The Commissioner, in determining the deficiency, disallowed a claimed deduction of $34,800 and explained that the amount was a contribution to capital of the corporation, and, if loans, the loss would be from nonbusiness bad debts deductible as shortterm capital losses but would result in no additional reduction of taxable income since $1,000 had been allowed as a deduction due to the long-term capital loss on worthless stock. All stipulated facts are incorporated herein by this reference. Opinion MURDOCK, Judge: There is some conflict in *109 the evidence as to whether any amount advanced by either petitioner to the corporation was a loan rather than a contribution to capital. However, the assumption will be made for the purpose of further discussion that, as the petitioners contend, none of the amounts in controversy was a contribution to capital. Nevertheless, the petitioners cannot benefit herein unless they have proven their right to a business bad debt deduction. This is so because they have already received all of the deduction to which they would be entitled for a long-term capital loss or for a nonbusiness bad debt. See sections 166(d)(1)(B) and 1211(b). The Commissioner, in effect, concedes worthlessness in 1956 of whatever unpaid debts or advances by these petitioners there were. The petitioners contend that they were engaged during the years 1954 through 1956 "in the business of promoting, financing and disposing of businesses", the loans in question were made as incidents of that business and those loans resulted in business bad debts. The record does not support any such finding. Erwin testified that he had had some connection with about six businesses during the ten years prior to the formation of Erwin *110 Davis Sales Corporation. He referred in his testimony to only one loan made to any of the six, did not state just what financial interest he had in each, did not show any pattern which would include the items here involved and, indeed, gave few if any details with respect to any of the businesses. These activities of his appear to be merely his successive efforts to earn a living rather than the pattern of any separate and continuing business consistently carried on by him. Furthermore, as the Commissioner points out, the evidence does not establish losses by these petitioners of the $5,500 obtained from or through Erwin's brother or the $10,000 obtained from Verna's father. Those amounts were not money of the petitioners which they loaned to the corporation. The money involved belonged to others and the petitioners merely guaranteed those others that they would see to the repayment of the money. The petitioners were on a cash basis, and the evidence fails to show that they lost any part of those amounts in 1956 since they had not made good as guarantors. Meanwhile, the only apparent losers were the brother and the father. Also, $300 of a $6,300 item paid by Verna in February 1955 *111 was interest and only inferentially a loan to the corporation. The evidence as a whole does not justify any change in the determination of the Commissioner. Decision will be entered for the respondent. Footnotes
1. There is evidence that an employee who advanced $6,000 was repaid in full with interest of $300 by Verna but none that any part of the $5,500 or $10,000 items was ever paid by either petitioner.↩